UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RACQUEL CALHOUN,

                                 Plaintiff,

v.                                             Civil Action No. _____

NCO FINANCIAL SYSTEMS, INC.,

                                 Defendant.
_____

### COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Racquel Calhoun is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant NCO Financial Systems, Inc., (hereinafter "NCO") is a corporation organized and existing under the laws of the State of Pennsylvania and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

9. That Plaintiff allegedly incurred a debt to National Fuel. This debt will be referred to as "the subject debt."

10. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. That Plaintiff thereafter allegedly defaulted on the subject debt.

12. That upon information and belief Defendant was employed by National Fuel to collect on the subject debt.

13. That on or about June 17, 2008 at approximately 8:00am, Defendant called Plaintiff and left a message stating Defendant was calling from "National Fuel" as a "courtesy reminder" to pay the alleged subject debt. Defendant did not disclose their identity or that they were debt collector.

14. That at approximately 8:15am, that same day, Defendant called Plaintiff again and left a message wherein Defendant raised their voice and stated, "Pick up your phone now!" Defendant did not disclose their identity or that they were debt collector.

15. That Plaintiff thereafter contacted Defendant and informed Defendant that she had paid her National Fuel bill the previous day. Plaintiff offered to provide Defendant receipts of the paid subject debt. Defendant stated it would not be necessary to provide receipts.

16. That Plaintiff thereafter offered a second time to provide Defendant with receipts, however Defendant again refused.

17. That at approximately 10:07 a.m. on the same day, Defendant called again and demanded payment of the subject debt.

18. That Plaintiff immediately called Defendant back and requested Defendant not make any further calls to her telephone.

19. That at approximately 1:38 p.m. on the same day, Defendant called and stated the call was in regards to a gas bill.

20. That at approximately 2:12 p.m. on the same day, Defendant called yet again. Plaintiff terminated the telephone call and immediately returned Defendant's call. Plaintiff again requested Defendant cease future telephone calls.

21. That on the same day at approximately 2:54pm Defendant called Plaintiff for the sixth time that day.

22. That still on the same day, at approximately 4:16 p.m., Defendant called Plaintiff's telephone and spoke with Plaintiff's mother, Barbara Johnson. Defendant stated they were calling from "National Fuel" in regards to a debt. Ms. Johnson thereafter gave the telephone to Plaintiff.

23. That Plaintiff's mother handed Plaintiff the telephone. Defendant then stated to Plaintiff that she needed to get home by 7:00 pm. because her gas supply to her home would be shut off. Plaintiff asked if she could file a complaint with Defendant. Defendant responded that there were only six people in the office and there was no compliance department.

24. That fearing the shut off of her gas, Plaintiff thereafter contacted National Fuel for reassurance that her bill was properly paid, and that her gas would not be shut off.

25. That as a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

26. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 25 above.

27. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. §1692b(1), 15 U.S.C. §1692b(2) and 15 U.S.C. §1692c(b) by communicating with Barbra Johnson for purposes other than the acquire location information for Plaintiff, and by disclosing the existence of the subject debt to her.

    B. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692c(a)(1) by calling at a time known to be inconvenient to the Plaintiff.

    C. Defendant violated 15 U.S.C. §1692d, 15 U.S.C. §1692d(2), 15 U.S.C. §1692e(5), and 15 U.S.C. §1692e(10) by using language the natural consequence of which is to abuse the hearer when falsely stating to Plaintiff that she needed to get home by 7:00pm because her gas supply to her home would be shut off.

    D. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(5) by repeatedly causing Plaintiffs telephone to ring with the intent to annoy, abuse and harass.

    E. Defendant violated 15 U.S.C. §1692f and 15 U.S.C. §1692f(1) by attempting to collect a debt which is not expressly authorized by the agreement creating the debt or permitted by law.

    F. Defendant violated 15 U.S.C. §1692d(6) and 15 U.S.C. §1692e(11) by failing to provide meaningful identification information in their communications with Plaintiff, and by failing to disclose that they were a debt collector.

28. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

    (a) Actual damages;

    (b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

    (c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

    (d) For such other and further relief as may be just and proper.

### VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: March 26, 2009

          S/KENNETH R. HILLER
Kenneth R. Hiller, Esq.
Amanda R. Jordan, Esq.
Law Offices of Kenneth Hiller
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: khiller@kennethhiller.com
      ajordan@kennethhiller.com

4